IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 5, 2014

## STATE OF TENNESSEE v. DAVID MORROW

**Appeal from the Criminal Court for Shelby County**
**Nos. 01-07974 & 02-02291     Glenn Wright, Judge**

**No. W2014-00338-CCA-R3-CO  - Filed August 13, 2014**

Appellant pleaded guilty to failure to appear and unlawful possession of a controlled substance with intent to sell or deliver.  Appellant later filed a Motion to Correct Illegal Sentences pursuant to Tennessee Rule of Criminal Procedure 36.1, which the trial court summarily dismissed.  On appeal, appellant argues that the trial court erred by summarily dismissing his motion without appointing counsel after he had stated a colorable claim for relief.  The State concedes that this case should be remanded to the trial court because appellant stated a colorable claim for relief pursuant to Rule 36.1.  Following our review of the parties' briefs, the record, and the applicable law, we reverse the trial court's judgment and remand for proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed;**
**Case Remanded**

ROGER A. PAGE, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ALAN E. GLENN, JJ., joined.

David Morrow, Memphis, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulaney Faughn, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Ann Schiller, Assistant District Attorney General, for the appellee, State of Tennessee

## OPINION

Appellant filed a Motion to Correct Illegal Sentences pursuant to Tennessee Rule of Criminal Procedure 36.1 on August 22, 2013.  In the motion, appellant argued that by aligning his sentences concurrently, the trial court imposed an illegal sentence under Tennessee Code Annotated section 40-20-111(b) because he was released on bail in case

number 01-07974 when he committed the failure to appear offense in case number 02-02291. He argued that the trial court should have aligned his sentences consecutively because Tennessee Code Annotated section 40-20-111(b) mandates consecutive sentences when a defendant commits a felony while the defendant is released on bail and the defendant is convicted of both offenses. However, the trial court summarily dismissed appellant's Rule 36.1 motion on October 18, 2013. Appellant now argues that the trial court erred by summarily dismissing his motion without appointing counsel after he had presented a colorable claim for relief from illegal sentences.

In 2013, the Tennessee General Assembly promulgated Rule 36.1, which provides, in part:

> (a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

> (b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

> . . . .

The legislature also amended Tennessee Rule of Appellate Procedure 3(b) to provide both the State and appellant with an appeal as of right from "an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure." Therefore, Rule 36.1 provided a new appeal as of right for individuals who had received an illegal sentence.

Pursuant to Rule 36.1, appellant would be entitled to a hearing and appointment of counsel if he stated a colorable claim for relief. Tenn. R. Crim. P. 36.1(b); see *Marcus Deangelo Lee v. State*, No. W2013-01088-CCA-R3-CO, 2014 WL 902450, at *6 (Tenn. Crim. App. Mar. 7, 2014). Because Rule 36.1 does not define "colorable claim," we have adopted the definition of a colorable claim used in the context of post-conviction proceedings from Tennessee Supreme Court Rule 28 § 2(H): "A colorable claim is a claim . . . that, if taken as true, in the light most favorable to the [appellant], would entitle [appellant] to relief

. . . ."[1] *State v. Mark Edward Greene*, No. M2013-02710-CCA-R3-CD, slip op. at 4 (Tenn. Crim. App. July 16, 2014).

Taking all of appellant's assertions as true and viewing them in the light most favorable to him, we have determined that appellant has presented a colorable claim for relief from an illegal sentence because appellant alleges that he committed the felony offense of failure to appear while released on bail for possession of a controlled substance with intent to sell or deliver. He also contends that he pleaded guilty to both charges on the condition that he would receive concurrent sentences.[2] Tennessee Code Annotated section 40-20-111(b) states:

> In any case in which a defendant commits a felony while the defendant was released on bail in accordance with chapter 11, part 1 of this title, and the defendant is convicted of both offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that the sentences be served cumulatively.

*See also* Tenn. R. Crim. P. 32(c)(3)(C) (mandating consecutive sentences when a defendant commits a felony while the defendant is released on bail). The State concedes that appellant has stated a colorable claim that his sentences are illegal, and we agree.

Having determined that appellant's motion presents a colorable claim for relief under Rule 36.1, we must remand this matter to the trial court. By its very language, Rule 36.1 requires that once appellant has stated a colorable claim, he must be afforded counsel, and the trial court must hold a hearing on the motion unless waived by all the parties. *See* Tenn. R. Crim. P. 36.1(b). Accordingly, we remand this cause for proceedings consistent with this opinion.

---

[1] "We note that in contrast to the requirements to survive summary dismissal of a habeas corpus claim, Rule 36.1 requires a defendant to state a colorable claim in his motion but does not require that he attach supporting documents." *State v. Brandon Rollen*, No. W2012-01513-CCA-R3-CD, slip op. at 6 (Tenn. Crim. App. Sept. 11, 2013); *see George William Brady v. State*, No. E2013-00792-CCA-R3-PC, 2013 WL 6729908, at *6 (Tenn. Crim. App. Dec. 19, 2013) ("Under the liberal terms of Rule 36.1, the petitioner's raising a colorable claim would entitle him to the appointment of counsel and a hearing on his claim, even without any documentation from the underlying record to support his claim.").

[2] We note that Tennessee Code Annotated section 29-21-101(b)(1) removed habeas corpus relief for individuals who received "concurrent sentencing where there was a statutory requirement for consecutive sentencing." However, there is no such limitation within Rule 36.1.

## CONCLUSION

Based on the parties' briefs, the record, and the applicable law, we reverse the trial court's judgment and remand for proceedings consistent with this opinion.


_____

ROGER A. PAGE, JUDGE